UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00554-H

DR. JAMES W. LILLARD, JR.                                                              PLAINTIFF

V.

UNIVERSITY OF LOUISVILLE                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff commenced this action after he was terminated from an associate professorship at the James Graham Brown Cancer Center (the "Brown Cancer Center") by the University of Louisville School of Medicine (the "University"). Plaintiff's Complaint asserts 13 counts against the University, primarily alleging racial discrimination, retaliation, and several breaches of contract and common law duties. The University has moved to dismiss 10 of these counts, arguing that they are barred by sovereign immunity. The Court has considered both parties' arguments and for the reasons explained below, Defendant's motion will be sustained in part as to Counts II-VII and X-XII.

**I.**

In reviewing a defendant's motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face" in order to escape dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Lillard, an African-American male who was employed as Associate Professor at the

Brown Cancer Center between March of 2006 and November of 2009, alleges racial discrimination and retaliation against the University.  The facts underlying his claims date back to his initial employment offer from the University, which promised "equal employment opportunity, non-discriminatory policies, enhanced benefits and salaries, endowments, [and] a working laboratory and office."  Based upon those representations, Lillard accepted the University's offer but contends that they were empty promises.  During his three years of employment, Lillard alleges that he was denied these benefits because of his race.  In response to these working conditions and harassment by colleagues, Lillard filed a Charge of Discrimination with the EEOC, which issued a Notice of Right to Sue on July 5, 2011.  Lillard subsequently commenced this action.

## II.

Defendant invokes the privilege of sovereign immunity as its primary basis for dismissal of Counts II-VII and X-XIII.  The protective cloak of sovereign immunity "precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity."  *Meograssi v. Aubrey*, No. 3:09-CV-00301-JDM, 2011 WL 1235063, at *18 (W.D. Ky. Mar. 31, 2011) (quoting *Yanero v. Davis*, 65 S.W.3d 510, 517-18 (Ky. 2001)).  Even when a claim is permitted to proceed against the state, federal courts may only award plaintiffs with prospective injunctive relief.  *Graham v. Nat'l Athletic Ass'n*, 804 F.2d 953, 959 (6th Cir. 1986) (citation omitted).  Absent a waiver or statutory exception to sovereign immunity, the Court is powerless to adjudicate state-law claims brought against defendants shielded in sovereign immunity.  *Campbell v. Univ. of Louisville*, No. 3:10-CV-00321, 2012 WL 692603, at *5-6 (W.D. Ky. Mar. 2, 2012).

For purposes of the sovereign immunity privilege, it is well established that the University constitutes the "state." *Graham*, 804 F.2d at 960 (citing *Martin v. Univ. of Louisville*, 541 F.2d 1171, 1174 (6th Cir. 1976)).  Therefore, any state claims brought against the University are barred unless they fall within an exception to or waiver of sovereign immunity and request only prospective injunctive relief.  *Id.*  Counts II-VII, X, and XII allege, respectively: fraud, deceit, misrepresentation, and fraudulent inducement; breach of contract; breach of implied covenant of good faith and fair dealing; violation of the University's policies and procedures; intentional infliction and/or negligent infliction of emotional distress and outrageous conduct; interference with contractual relations; defamation; and wrongful use of civil proceedings.  All of these claims are state-law tort or contract causes of action and are therefore barred by sovereign immunity.  For this simple reason, they should be dismissed.

In Count II, Plaintiff alleges that the University violated his procedural due process rights and seeks to recover actual and compensatory damages, in addition to attorneys' fees.  Presumably, although not stated in his Complaint, Plaintiff intends to assert these claims pursuant to 42 U.S.C. § 1983, the vehicle for claims of constitutional violations by state actors.  *Campbell*, 2012 WL 692603, at *2 (quoting *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989)).  "States, state agencies, and state officials sued in their official capacities for money damages," however, "are not 'persons' subject to suit under § 1983."  *Id*. (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Since the University is a state institution and Plaintiff seeks to recover only monetary damages, his § 1983 claim is barred.

Defendants lastly move to dismiss Count XIII of the Complaint because it fails to state a

3

cause of action under Kentucky state law. In Count XIII, Plaintiff alleges "public policy retaliation," which the Court interprets to be a public policy wrongful discharge claim under Kentucky state law. Although employers may discharge at-will employees "for good cause, for no cause, or for a cause that some might view as morally indefensible," public policy wrongful discharge is an exception to the general rule. *Dauley v. Hops of Bowling Green, Ltd.*, 2003 WL 12340013 (Ky. Ct. App. 2003). This very narrow exception only applies when an employee's termination is "contrary to fundamental and well-defined public policy evidenced by a constitutional or statutory provision." *Mendez v. Univ. of Ky. Bd. of Trustees*, 357 S.W.3d 534, 544 (Ky. Ct. App. 2011). Although it is unclear at the moment which specific statutory or constitutional public-policy provisions Plaintiff's claim arises under, he identifies several possibilities in his Complaint. For this reason, Defendant's Rule 12(b)(6) challenge for failure to state a claim is premature at this juncture and should be denied.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is SUSTAINED IN PART and Counts II, III, IV, V, VI, VII, X, XI, and XII are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is DENIED IN PART and Count XIII remains.

cc:     Counsel of Record