UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00554-H

DR. JAMES W. LILLARD,                                                                                  PLAINTIFF

V.

UNIVERSITY OF LOUISVILLE,                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dr. James W. Lillard, Jr., brought this action in federal court after the Equal Employment Opportunity Commission ("EEOC") sent Lillard a Notice of Suit Rights against his former employer, the University of Louisville ("University"). After Lillard filed a second charge with the EEOC on the same facts, but alleging a new claim, and the EEOC issued a second Notice of Suit Rights, Lillard now seeks to amend his Complaint to add reference to the federal claims asserted in the second EEOC charge. For the reasons stated herein, Lillard's motion is sustained.

In November 2005, University officials sent Lillard various e-mails offering Lillard a professorship at the University of Louisville School of Medicine. He accepted the position, and worked for the University from March 1, 2006 until November 15, 2009. During his time at the University, Lillard contends that the University and its employees subjected him to disparate treatment and failed to fulfill promises made to him as conditions of his employment. After Lillard's employment was terminated, Lillard filed an EEOC charge against the University. Shortly thereafter, the University filed a state court suit against Lillard alleging one count each of conversion and embezzlement. These claims are connected to some unreturned equipment Lillard purchased for his research on the University credit card.

When Lillard received the first Notice of Suit Rights from the EEOC, which grants Lillard leave to file a lawsuit against the University under federal law within 90 days of receipt of the Notice, he filed suit in this Court to protect his rights under federal law. His Complaint alleged thirteen counts of unlawful acts against the University. The University filed a Motion to Dismiss several of the claims asserted in Lillard's Complaint based on the doctrine of sovereign immunity and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). This Court sustained the motion on some of these claims. Subsequently, the EEOC issued Lillard a second Notice of Suit Rights based on Title VII charges Lillard did not assert in his first EEOC charge, largely in response to the University's filing of the state court conversion and embezzlement action. The EEOC again issued a second Notice of Suit Rights on this claim.

Lillard seeks to amend his Complaint to include reference to the second Notice of the Suit Rights and one count for ongoing discrimination and retaliation. Under Fed. R. Civ. P. 15(a), a party may amend its pleadings either with the other party's permission or with the court's leave. Because the University did not consent to the amendment, this Court has discretion to permit Lillard to amend his Complaint freely, "when justice so requires." Fed. R. Civ. P. 15(a)(2). Lillard has satisfied his duty of exhausting administrative resources prior to filing suit in federal court, and the EEOC has granted permission to file this count in the federal courts. Lillard's amended Complaint incorporates claims resulting from unforeseeable actions that had not occurred at the time the first EEOC charge was filed and therefore could not have been included in the original Complaint. Allowing Lillard this amendment fulfills this Court's obligation of providing a forum for relief for lawful claims.

The University contests the motion on grounds that the amended Complaint adopts and reincorporates the allegations and claims set forth in the original Complaint.  The University argues that in so doing, those claims already dismissed will be reinstated such that the University will have to re-litigate those same issues.  However, adopting the allegations of the original Complaint does not reinstitute and revive those claims.  Rather, the principal effect of a paragraph adopting the original Complaint included in an amended Complaint is to preserve those issues for appellate review.

The University does not appear to contest the substance of the motion, and therefore, being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff Dr. James Lillard's Motion to Amend the Complaint is SUSTAINED.  The Court will issue orders on other pending motions soon.

cc:     Counsel of Record