**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-554-DJH**

**JAMES W. LILLARD,**                                                                                           **Plaintiff,**

**v.**

**UNIVERSITY OF LOUISVILLE,**                                                                       **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is a "Motion to Alter, Vacate, or Amend" ("Motion to Amend") (DN 154) filed by plaintiff Dr. James W. Lillard. Defendant University of Louisville filed a response, and plaintiff filed a reply. Therefore, this matter is ripe for review. For the reasons stated herein, the Motion to Amend is denied.

**I.     BACKGROUND**

The parties in this matter have been embroiled in a discovery dispute for the past year. (*See* DN 120, 122, 125, 129, 131, 132, 133, 137, 138.) On January 15, 2015, this matter was referred to the undersigned for disposition of all pending and further discovery disputes and discovery motions. (DN 137.) To facilitate a thorough discussion of the discovery issues, the Court held a conference on February 2, 2015. The conference was attended by counsel for both parties and numerous University employees. During the conference, there was a discussion regarding the storage of electronically-stored information ("ESI") and paper documents stored at the University.

As a result of the conference, on March 3, 2015, the Court ordered the search of various locations at the University for ESI and paper documents and production of the non-privileged

1

results of those searches by April 10, 2015. (DN 143 ["March 3 Order"].) On April 7, 2015, the Court extended the University's deadline to comply with the March 3 Order to May 29, 2015 with the exception of the files and files servers that would be the subject of the University's to-be filed Motion to Modify. (*See* DN 151 [recounting history of Motion to Modify]). The University filed the Motion to Modify on April 17, 2015. (DN 147.)

In the Motion to Modify, the University asked the Court to exclude from search and production certain items: (1) file servers maintained by the James Graham Brown Cancer Center ("BCC"); (2) certain paper documents possessed by BCC; and (3) paper and electronically-stored documents possessed or controlled by the Office of Technology Transfer ("OTT"). The Motion to Modify was granted in part and denied in part by the Court in a memorandum opinion and order entered on June 2, 2015. (DN 153 ["June 2015 Opinion and Order"].) In the June 2015 Opinion and Order, the Court (1) excluded certain categories from the University's search because they were unlikely to contain relevant information; (2) ordered the University to search other categories; and (3) ordered plaintiff to (a) show good cause as to why a search of certain file servers (*i.e.*., BCCNAS, BCCFILE1, and BCC-CNGSAFE1) should be conducted; and (b) indicate whether he would be willing to pay for a search of those file servers. (DN 153, pp. 21-22.) Plaintiff did not comply with this directive and instead filed the instant Motion to Amend. Plaintiff also did not object to the June 2015 Opinion and Order (DN 153) within fourteen days as permitted by Rule 72(a) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Plaintiff requests that the Court alter the June 2015 Opinion and Order pursuant to Rule 59 of the Federal Rules of Civil Procedure. A motion made pursuant to Rule 59 is not the proper

2

vehicle through which to challenge the Court's discovery decision in this instance. Rule 59 addresses new trials and altering or amending a *judgment*. Fed. R. Civ. P. 59. The Sixth Circuit "has interpreted the term 'judgment' to refer to a judgment or a final order." *Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010) (citing *CGH Transp., Inc. v. Quebecor World, Inc.,* 261 F. App'x. 817, 823 n.10 (6th Cir.2008)). And a discovery order is generally not a judgment or final order and is certainly not in this case. *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006) ("Discovery orders generally are not final decisions and cannot be reviewed unless the trial court enters a final judgment disposing of all claims."). Therefore, plaintiff should have either filed objections to be considered by the District Court Judge or possibly a motion to reconsider. *See* Fed. R. Civ. P. 72(a). Plaintiff did not file objections pursuant to Rule 72. Therefore, the Court will give plaintiff the benefit of the doubt and treat the Motion to Amend as a motion to reconsider its June 2015 Opinion and Order.[1] Although the Court believes that the June 2015 Opinion and Order was clear in its mandate, the Court does so in an attempt to further clarify the same.

The thrust of plaintiff's argument is that there was no need for him to demonstrate relevance before a search was conducted of the locations subject of the Motion to Modify and listed in the June 2015 Opinion and Order. Plaintiff claims that the Court's previous opinion and order (presumably the March 3 Order at DN 143) had already established that these records were relevant. In sum, plaintiff appears to be arguing that he is entitled to a search of all of the places listed in the June 2015 Opinion and Order. The rest of plaintiff's arguments are largely directed at spoliation allegations, which are not before the Court now.

---

[1] The Court warns plaintiff that it might not give him the benefit of the doubt with respect to any improperly filed motions in the future.

The University first argues that the Court should deny the Motion to Amend outright as Rule 59 offers no legal basis for the Court to consider such a motion; the University also argues that plaintiff waived any objections to the Court's June 2015 Opinion and Order by not objecting within fourteen days of service pursuant to Rule 72.  While the University's arguments are well-taken, for the reasons already stated, the Court will treat the Motion to Amend as a motion to reconsider its June 2015 Opinion and Order.

The Court cannot decipher plaintiff's reply insofar as it addresses the failure to object pursuant to Rule 72.  Plaintiff recounts general arguments made in the principal brief and also argues that just because the servers are purportedly used for a particular purpose now does not answer the question of whether the server was ever utilized at any point for additional purposes in the past.  Plaintiff states, "UL should be required to identify and provide a detailed explanation of where each server went, why they no longer exist, and where all backups for such servers now reside." (DN 156, p. 3.)

As an initial matter, Plaintiff is simply wrong in his insistence that a "previous Opinion and Order ha[s] already established that **these records were, indeed, relevant**." (DN 154, p. 2 [emphasis in original].)  Plaintiff purports to rely on the March 3 Order in support of his position.  However, that Order states, "The Court's goal in holding the February 2, 2015 conference, as well as in issuing this Order, is to ensure that all *relevant* ESI and paper documents, to the extent they exist, are produced to Lillard." (DN 143, p. 4 [emphasis added].)  The Court then specifically ordered searches for "relevant" information. (*See id*.)  In short, there is nothing in the March 3 Order to support Plaintiff's position.  Indeed, for the Court to order searches of certain locations without regard to whether relevant information may be found there would have

been folly, and a substantial departure from the letter and spirit of the Federal Rules of Civil Procedure pertaining to discovery. Instead, based on the University's description of various file servers and categories of documents and the general principles of Rule 26, the Court crafted a solution to further its stated goal: to ensure that all relevant ESI and paper documents have been produced to plaintiff, *not* to determine that all documents that the University might find would be relevant.

For example, BCC-WINDEPLOY is a file server that "is used by the BCC's Technology Manager to set up all new computers at the BCC." (*See* DN 147-1, p. 2.)[2] There is no indication that BCC-WINDEPLOY contains any information relevant to this lawsuit; plaintiff has not argued otherwise. As a result, and in response to the Motion to Modify, the Court excluded BCC-WINDEPLOY from a search. Additionally, where there was a question as to whether a particular file server might contain relevant information, the Court gave plaintiff the opportunity to explain why that particular file server should be searched. For example, the University described BCCNAS as follows:

> This file server was purchased by the BCC on June 7, 2013, to replace the weekly backup server capabilities originally performed by the BCCAPERIO file server. This file server currently works as the passive backup system for the BCC. The data originally housed on this server was copied to the BCC's current backup file server, BCCFILE1. In total, the BCCNAS file server holds approximately 6.8 TB of data.

(DN 147-1, p. 4.) The University explained that BCCNAS *may* contain information relevant to plaintiff's claims, but that the burden of searching 6.8 TB of information would outweigh the benefit; furthermore, the likelihood of finding relevant information other than what would likely

---

[2] There were other file servers that the Court determined were unlikely to contain relevant information. BCC-WINDEPLOY is simply being used as an example.

5

be produced pursuant to other searches would be *de minimus*. (*Id*. at 9-10.)  Based on this assertion, the Court ordered plaintiff to show good cause as to why a search of BCCNAS should be conducted and to indicate whether he would be willing to pay for a search of same.[3]  Plaintiff did not comply with this directive in the Court's June 2015 Opinion and Order.  Yes, plaintiff did have to rely on the University's description of the contents of BCC-WINDEPLOY and BCCNAS, among others.  But the Court is confident that the Federal Rules of Civil Procedure, along with its close oversight of the most recent discovery process, is sufficient to protect plaintiff and to ensure the University's compliance.  In any event, should the Court discover that the University was not forthright in its representations to the Court, this memorandum opinion and order memorializes those representations and shows reliance by the Court and plaintiff on them.

      Finally, the Court finds that the University sufficiently described the history of the file servers at the BCC.  That is, the University noted the purchase date and historical use of each file server. (*See* DN 147-1, pp. 2-5.)  The Court reminds the parties that Rule 26 does not authorize a fishing expedition.  Instead, the discovery sought must be relevant and, as of December 1, 2015, "proportional to the needs of the case."  Fed. R. Civ. P. 26(b).  Moreover, the Court has given plaintiff sufficient opportunities, based on the University's description of the various file servers and other locations where information may be found, to demonstrate why those specific places should be searched.  Plaintiff has failed to do this and has now lost the opportunity to do so.

      The Court believes that with its oversight sufficient searches for relevant information in the appropriate places have now been conducted.  The Court reserves judgment of what

---

[3] There were other file servers that the Court determined should not be searched absent good cause and willingness to bear the cost by plaintiff.  BCCNAS is simply being used as an example.

sanctions if any may attach to the University's conduct prior to the Court's active supervision of the discovery process. The Court will schedule a telephonic status conference to discuss the next steps to be taken in order to move this matter toward a final resolution.

### III. CONCLUSION

For the foregoing reasons, the Motion to Amend (DN 154) is DENIED.

This matter is set for a telephonic status conference on **January 11, 2016 at 11:00 a.m.** EST. The Court will initiate the call. Counsel shall email a direct dial telephone number to Case Manager Theresa Burch at theresa_burch@kywd.uscourts.gov by **January 6, 2016**. Counsel should be prepared to discuss a plan for the remainder of the case.


cc: Counsel of record